## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Charley Lockhart
State Treasurer
Austin, Texas

Dear Mr. Lockhart:

        Opinion No. O-??6
        Re: Issuance and payment of
        duplicate and original war-
        rants under Article 4365,
        R. C. S.

By your letter of June 12, 1939, you refer to Article 4365 of the Revised Civil Statutes, 1925, governing the procedure for the issuance of duplicate warrants by the State Comptroller, and ask the opinion of this department upon the following questions:

"1. Does issuance of the duplicate warrant void the original warrant in the sense that the original cannot ever be legally paid by the Treasurer?

"2. When a duplicate warrant is issued, is it necessary for the Comptroller to write a letter stopping payment on the original, or does issuance of the duplicate automatically stop payment on the original?

"3. If the payee has in his possession both the original and the duplicate warrant, is it imperative for the Treasurer to pay the duplicate, or can either the duplicate or original be paid?

"4. If in question three either the original or the duplicate can be paid, does the choice of which is to be paid lie with the payee, the Treasurer, or the State Comptroller?"

Article 4365, R. C. S. 1925, is as follows:

"The Comptroller, when satisfied that any original warrant drawn upon the State Treasurer has been lost or destroyed, or when any certificate or other

evidence of indebtedness approved by the auditing board of the State has been lost, is authorized to issue a duplicate warrant in lieu of the original warrant or a duplicate or a copy of such certificate, or other evidence of indebtedness in lieu of such original; but no such duplicate warrant, or other evidence of indebtedness, shall issue until the applicant has filed with the Comptroller his affidavit, stating that he is the true owner of such instrument, and that the same is in fact lost or destroyed, and shall also file with the Comptroller his bond in double the amount of the claim with two or more good and sufficient sureties, payable to the Governor, to be approved by the Comptroller, and conditioned that the applicant will hold the State harmless and return to the Comptroller, upon demand being made therefor, such duplicates or copies, or the amount of money named therein, together with all costs that may accrue against the State on collecting the same. After the issuance of said duplicate or copy if the Comptroller should ascertain that the same was improperly issued, or that the applicant or party to whom the same was issued was not the owner thereof, he shall at once demand the return of said duplicate or copy if unpaid, or the amount paid out by the State, if so paid; and, upon failure of the party to return same or the amount of money called for, suit shall be instituted upon said bond in Travis County."

Answering your first question, we are of opinion that the issuance of the duplicate warrant does not in all instances void the original warrant, in the sense that the original cannot ever be legally paid by the Treasurer. A reading of the entire provisions of Article 4365 would seem to indicate that it was the intention of the Legislature that the original warrant should be paid if it should turn up in the hands of an innocent holder, and that the State should proceed over and against the holder of the duplicate warrant upon his bond for the recovery of the amount paid out on the duplicate warrant by the State.

Your second question is answered as follows: When a duplicate warrant is issued, it is not necessary for the Comptroller to write a letter stopping payment on the original. Since a duplicate warrant is only authorized to be issued

when the Comptroller has been satisfied that the original has been lost or destroyed, it is difficult to see or understand to whom the Comptroller might address such a letter stopping payment on the original. The issuance of the duplicate warrant automatically stops payment on the original, insofar as the original may be presented for payment by a person not an innocent holder thereof. And by the term "innocent holder," as used in our reply to your questions, we mean a person who has acquired the original warrant from the payee thereof, not a person who has acquired the original warrant through means other than by virtue of a lawful assignment from the original payee, or from a person to whom such original warrant was lawfully assigned by the original payee.

Answering your third question, you are advised that Article 4365 contemplates that when the payee presents both the original and the duplicate warrant, or has in his possession both the original and the duplicate warrant, that the original warrant shall be paid and the duplicate warrant shall be, at the same time, surrendered. If both the original and the duplicate warrant turn up in the hands of the original payee, it becomes quite apparent that the duplicate must necessarily have been improperly issued; therefore, the last sentence of Article 4365, requiring the Comptroller in such instance to at once demand the return of the duplicate, if unpaid, governs.

In view of the answer to your third question, it becomes unnecessary to answer your fourth question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild
R. W. Fairchild
Assistant

RWF:pbp

APPROVED JUN 26, 1939
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

O.K.